No. 104061

## N. E. MERCHANTS NATIONAL BANK OF BOSTON

v.

## AUTO OWNERS FINANCE COMPANY, INCORPORATED

Argued: Mar. 1, 1968   Decided: Apr. 17, 1968.

Case tried to *Shamon, J.* in the Municipal Court of Boston

ADLOW, C. J. In this action for conversion of an automobile brought by a finance company, the cause was tried on an Agreed Statement of Facts. Material to the issue before this court are these facts:

Raymond E. Borrelli, on or about September 12, 1962 executed a purchase-money security agreement with the N. E. Merchants National Bank, (Bank) under the terms of which Borrelli gave to the Bank a security interest in a 1962 Rambler American two-door sedan to secure a promise in writing to pay the plaintiff $2,055.22 in 36 monthly installments of $57.02. **The security agreement was not recorded.** After making two payments on account of the agreement, Borrelli traded the automobile toward the purchase of a new car with Kennedy Rambler, Inc., of Salem, (Ken-

nedy-Rambler) without having paid the balance due to the Bank. Kennedy-Rambler, at that time was a dealer in new and used automobiles. Since this transaction both Borrelli and Kennedy-Rambler have been adjudicated bankrupts. After acquiring the car in issue, Kennedy-Rambler sold it to a retail purchaser, Geraldine Peters, of Manchester, Mass. (Peters) Mrs. Peters purchased the car for her own personal and family use. To finance the unpaid balance she executed a purchase-money security agreement to the Auto Owners Finance Co., (Finance) the defendant in this action. *This security agreement was duly recorded.* Peters defaulted in her agreement with the defendant, Finance, which reposessed the motor vehicle under the terms of its security agreement, and sold the vehicle for $1,130. The Bank in this action demands this car or the money realized from its sale. By agreement of the parties the defendant (Finance) holds the proceeds of the sale in escrow pending the determination of the issue in this case. Each of the parties contends it is entitled to the proceeds of the sale of said collateral.

On these facts the court made a finding for the Bank. It found that the trade-in of the Rambler car to Kennedy-Rambler, did not defeat the security interest of the plaintiff, and that the security interest of the Bank has priority over the security interest of the defen-

dant under G.L. c. 106, § 9-307(1). However, under the power provided by G.L. (Ter. Ed.), c. 231, § 108, the court has reported the cause to the Appellate Division for determination.

There can be no question that, as against the Bank, Kennedy-Rambler had no rights in the car. However, the issue in this case is not between the Bank and Kennedy-Rambler. Kennedy-Rambler, having sold the car for value to Peters for her own personal and family use, and Peters having paid a good consideration for same, she acquired a good and valid title as against the Bank. G.L. c. 106, § 9-307 sub-section (2) provides, "in the case of consumers goods—, a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes unless prior to the purchase the secured party has filed a financing statement covering such goods." Under the provisions of c. 106, § 9-109 sub-section (1), goods are "consumers goods if they are used or bought for use primarily for personal, family or household purposes." The obvious purpose of c. 106, § 9-307 sub-section (2) is to protect the innocent purchaser for value who purchases for his own personal, family or household use, and who has no knowledge, or means of learning from a recording, that a security interest in another is outstanding against the article purchased.

In the case under review Peters qualifies in every respect as an innocent purchaser for value without notice under the terms of this section of the Commercial Code. The defendant, Finance, acquired its interest in the car from Peters. The rights that the N. Bank would have against Kennedy-Rambler would not have been available to it against Peters or against those whose rights were derived from her.

This case is to be distinguished from *Commercial Credit Corp.* v. *Stan Cross Buick, Inc.*, 343 Mass. 622, for the reason that the transfer of the car in that case did not carry the car into the hands of one who came within the protection of the provisions of c. 106, § 9-307 sub-section (2). In that case the transfer of the car was from one dealer to another, thereby eliminating the presence of one who purchased ''for his own personal, family or household purposes.''

See opinion by Yesley, J. in *General Motors Acceptance Corp.* v. *J. & F. Motors, Inc.*, 34 Mass. App. Dec. 160, 17 LEGALITE 343.

The title of the defendant was good as against the plaintiff, and the order of this Appellate Division must be: **Finding for the plaintiff vacated.**

**Finding to be entered for the defendant.**
*Gillen, J.* dissenting:

See *The National Shawmut Bank of Boston* v. *Sharles Vera,* 353 Mass. 11. *U.G.I.* v. *McFalls,* 18D & C 2nd (Pa.) 713, 715, 717.

64

See also *In re Kretzer* (D. C. Pa. 1955).
James J. Nixon
  of Boston for the plaintiff
Rusitzky & Russell
  of Boston for the defendant

